```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

KEVIN DIAZ MELGAR

       Petitioner,

  v.                                       Case No. 2:25-cv-1002-JES-DNF

SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

       Respondents,

_____

## OPINION AND ORDER

Before the Court are Kevin Diaz Melgar's petition for writ of habeas corpus (Doc. 1), the Government's response (Doc. 9), and Diaz Melgar's reply (Doc. 10). For the following reasons, the petition is granted in part and denied in part.

### I. Background

Diaz Melgar is a native and citizen of Honduras. He entered the United States on May 8, 2019 as an unaccompanied minor and has resided in the United States for more than six years. (Doc. 1 at 5). On October 21, 2025, Diaz Melgar was detained in Lee County for a minor traffic violation. (Id. at 2). He was thereafter transferred into the Custody of the Department of Homeland Security ("DHS") and has remained in civil detention in the custody of Immigration and Customs Enforcement ("ICE"). (Id.) He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 9 at 1.)

## II. Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Diaz Melgar. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Diaz Melgar asks the Court to order the respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 2.)

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Diaz Melgar's claims; (2) Diaz Melgar failed to exhaust available administrative remedies; and (3) Diaz Melgar is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 9 at 3-16.)

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Petitioner's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Diaz Melgar is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1. Diaz Melgar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2. On or before **December 27, 2025,** Respondents shall provide Diaz Melgar with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED.**[1]

---

[1] Diaz Melgar also seeks an order requiring his immediate release from custody. However, that is not something the Court can provide. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Diaz Melgar is an alien without lawful status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, Petitioner's Due Process Clause claim is not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich.

3

3. If Respondents release Diaz Melgar, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on December 16, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4

---

Sept. 9, 2025).  If Respondents  do not provide Diaz Melgar with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing.  See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  But no final judgment has been issued in Bautista to bind the parties here.  The Court finds no reason to dismiss or stay this case in the meantime.